**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF RHODE ISLAND**

WAYNE NORDIN and
CAROL NORDIN : CA 05 456 S

VS. : C.A. NO.

NRT NEW ENGLAND INCORPORATED, d/b/a :
COLDWELL BANKER
RESIDENTIAL BROKERAGE

## COMPLAINT

Now come the Plaintiffs in the above-entitled matter and allege and say as follows:

## JURISDICTION

Jurisdiction is conferred upon the Court pursuant to 28 U.S.C. 1332. The matter is controversy exceeds, exclusive of interest and costs, the sum of Seven Five Thousand ($75,000.00) Dollars.

## PARTIES

1. Plaintiff, WAYNE NORDIN, at all times material hereto, is a resident of the Town of Lincoln, County of Providence, State of Rhode Island.

2. Co-Plaintiff, CAROL NORDIN, at all times material hereto, is a resident of the Town of Lincoln, County of Providence, State of Rhode Island, and the spouse of WAYNE NORDIN.

3. Defendant, NRT NEW ENGLAND INCORPORATED, d/b/a, COLDWELL BANKER RESIDENTIAL BROKERAGE, at all times material hereto and upon information and belief is a foreign corporation organized and existing under the laws of the State of Delaware, registered to do business with the Rhode Island Secretary of State and the

owner/or property manager in control of that certain real property located at 1764 Mendon Road, Suite 5, Cumberland, Rhode Island on December 4, 2002.

**CAUSE OF ACTION**

4. On or about December 4, 2002, Plaintiff, WAYNE NORDIN, in his capacity as an independent realtor, was present upon the Defendants' property located at 1724 Mendon Road, Suite 5, Cumberland, Rhode Island.

5. Plaintiff, WAYNE NORDIN, at all times material hereto, was in the exercise of due care and caution when he tripped and fell as the result of encountering hazardous conditions existing upon Defendant's premises.

6. Defendant, its agents, servants, and/or employees knew or in the exercise of due care, should have known that the Plaintiff, and/or others in the Plaintiff's capacity, would have been upon said premises.

7. Defendant, its agents, servants and/or employees were under a duty to exercise reasonable care to keep said premises safe, free from defects, free from hazardous conditions, free from obstacles, and safe for the intent and purposes of said premises.

8. Defendant, its agents, servants, and/or employees were under a duty to exercise reasonable care to protect Plaintiff, by inspection and other affirmative acts, from injuries resulting from hazardous conditions and obstacles.

9. Defendant, its agents, servants and/or employees were under a duty to have available sufficient personnel and equipment to properly inspect and maintain the aforesaid premises in a condition reasonably safe for the Plaintiff and free from defects and conditions rendering it unsafe.

10. Defendant, its agents, servants and/or employees negligently and carelessly breached all of the aforesaid duties and as a direct and proximate result of said negligence, the Plaintiff, on about December 4, 2002, tripped and fell over an entanglement of wires upon the premises of the Defendant.

11. As a direct and proximate result of the negligence of the Defendant, as complained of herein, your Plaintiff, WAYNE NORDIN, sustained severe, permanent, personal injuries which incapacitated him; he has been prevented from carrying on his usual activities; he suffered, presently suffers and in the future will suffer great pain of body and mind; he incurred, is continuing to incur, and will in the future incur great expenses for medical and hospital care and attention; he lost wages, earnings or salaries.

12. As a further direct and proximate result of said incident, and the negligence of the Defendant, as complained of herein, your Plaintiff, CAROL NORDIN, suffered a loss of her spousal society, companionship and consortium as the result of the negligent injury to her spouse and the Defendant is liable to said Plaintiff pursuant to R.I.G.L.§9-1-41 for its acts as complained of herein.

WHEREFORE, Plaintiffs demand judgment against the Defendant, NRT NEW ENGLAND, INCORPORATED, d/b/a, COLDWELL BANKER RESIDENTIAL BROKERAGE, in an amount sufficient to sustain the jurisdiction of this Court and to be determined by the trier of fact, plus interest and costs.

Plaintiffs
By their Attorney,

Thomas A. Tarro, III, Esq., #2046
LAW FIRM OF THOMAS A. TARRO, III
The Summit East
300 Centerville Road, Suite 330
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 (facsimile)

PLAINTIFFS HEREBY CLAIM THEIR RIGHT
TO A TRIAL BY JURY.