MPD:sjq 05-231

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAYNE NORDIN and CAROL NORDIN | |
| vs. | C.A. No. 05-4565 |
| NRT NEW ENGLAND INCORPORATED d/b/a COLDWELL BANKER RESIDENTIAL BROKERAGE | |

## NOTICE OF INTENTION TO TAKE DEPOSITION

**DATE: Friday, February 24, 2006 at 9:00 a.m.**
**DEPONENT: Plaintiff, Carol Nordin**

PLEASE TAKE NOTICE that the defendant will take the testimony on oral examination of the ABOVE-NAMED DEPONENT at the time SET FORTH ABOVE before a Notary Public of the State of Rhode Island and thereafter from day to day as the taking of the deposition may be adjourned at the offices of RICE DOLAN & KERSHAW, SUITE 900, 170 WESTMINSTER STREET, PROVIDENCE, RI 02903, at which time and place you are notified to appear and take such part in the examination as you may be advised and as shall be fit and proper.

Mark P. Dolan, Esq.
RICE DOLAN & KERSHAW
*Attorneys for Defendant*
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800 telephone
(401) 421-7218 fax

## CERTIFICATION

The undersigned hereby certifies that a true copy of the within document has been sent to the following on this 20th day of January, 2006:

Thomas A. Tarro, III, Esq.
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886

REPORTING ASSOCIATES
10 Dorrance Street, Suite 617
Providence, RI 02903

MPD:sjq 05-231

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAYNE NORDIN and CAROL NORDIN

vs. C.A. No. 05-4565

NRT NEW ENGLAND INCORPORATED d/b/a COLDWELL BANKER RESIDENTIAL BROKERAGE

**DEPOSITION SUBPOENA: DUCES TECUM**
**R.I.C.P. RULE 30(a) AND RULE 45**

**TO:** Keeper of Records for
**Marvin S. Kerzner, MD**
SUMMIT MEDICAL GROUP
100 Highland Avenue, Suite 201
Providence, RI 02906

**DATE and TIME:** **Tuesday, February 21, 2006 at 3:00 p.m.**

GREETINGS:

YOU ARE HEREBY COMMANDED in the name of the State of Rhode Island and Providence Plantations in accordance with the provisions of Rule 45 of the Rhode Island Rules of Civil Procedure to appear and testify on behalf of defendant(s) before a Notary Public of the State of Rhode Island and Providence Plantations on **Tuesday, February 21, 2006 at 3:00 p.m.** at the office of RICE DOLAN & KERSHAW, 170 Westminster Street, Suite 900, Providence, RI 02903 and to testify as to your knowledge at the taking of the deposition in the above action.

Please provide the documents listed on the attached Schedule A. ***Documents may be sent certified mail, return receipt requested, in a separate sealed envelope with a notarized affidavit (see attached sample) in lieu of a personal appearance by the Keeper of Records.***

HEREOF fail not as you will answer your default under the pains and penalties in the law that behalf made and provided.

DATED: January 20, 2006

______________________________
Mark P. Dolan, Esq. (#3280)
RICE DOLAN & KERSHAW
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800 telephone
(401) 421-7218 facsimile

Copy of this subpoena also sent to:

Thomas A. Tarro, III, Esq.
The Summit East – Suite 330
300 Centerville Road
Warwick, RI 02886

REPORTING ASSOCIATES
10 Dorrance Street, Suite 617
Providence, RI 02903

SCHEDULE A

You are hereby requested to bring with you **certified copies** of the following documents regarding:

**Name:** Wayne Nordin

**Address:** 101 Progress Street
Lincoln, RI 02865

**DOB:** 07/19/1940

**SS#:** 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

1. All medical records, including but not limited to x-ray films, diagnostic tests or treatment notes which reflect treatment rendered to the above-named for treatment related to any injury, illness, degenerative disease, or complaint suffered by her at any time and up to the present.

2. Copies of all office notes, notations, treatment notes, reports, either yours or received by others, correspondence to or from third parties such as attorneys, insurers or other health care facilities, laboratory test results, x-ray reports, reports of payments and bills and any other document not already described above relating to **Wayne Nordin.**

## RULE 45 – SUBPOENA

**(c) Protection of Persons Subject to Subpoenas.**

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance is such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance;
(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iii) subject a person to undue burden.

(B) If subpoena

(i) requires disclosure of a trade secret or other confidential research, development or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party,

the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

**(d) Duties in Responding to Subpoena.**

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

ESTABLISHED 1900

RICE DOLAN & KERSHAW

*Attorneys At Law*

THE UNION TRUST BUILDING
SUITE 900
170 WESTMINSTER STREET
PROVIDENCE, RI 02903

TELEPHONE:
401-272-8800

TELECOPIER: 401-421-7218

E-MAIL:
RICEDOLANK@AOL.COM

MARK P. DOLAN
*Also Admitted in Massachusetts*

January 20, 2006

Keeper of Records
Marvin S. Kerzner, MD
SUMMIT MEDICAL GROUP
100 Highland Avenue, Suite 201
Providence, RI 02906

Re: Wayne Nordin
DOB: 07/19/1940
No: Our File 05-231

Dear Sir/Madam:

**WRITTEN CERTIFICATION**

This letter certifies that the requirement of R.I.G.L. § 5-37.3-6.1 have been complied with as follows:

1. The individuals whose records have been subpoenaed are represented by counsel.

2. Counsel for Wayne Nordin has been notified of the issuance of the subpoena and deposition date of February 21, 2006.

3. A copy of R.I.G.L. § 5-37.3-6.1 was forwarded to Wayne Nordin's counsel along with a copy of the subpoena and notice of deposition.

4. To date, the law firm of RICE DOLAN & KERSHAW has not received a Motion to Quash or challenge the attached subpoena. Should such a motion be received by RICE DOLAN & KERSHAW at any time prior to February 21, 2006 the record's deposition will be canceled and only rescheduled under Court Order.

Very truly yours,

Mark P. Dolan

MPD:sjq
cc: Thomas A. Tarro, III, Esq.

MPD:sjq 05-231

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAYNE NORDIN and CAROL NORDIN

vs. C.A. No. 05-4565

NRT NEW ENGLAND INCORPORATED d/b/a COLDWELL BANKER RESIDENTIAL BROKERAGE

**AFFIDAVIT OF RECORDS**

The copies of records for which this certification is made are true and complete reproductions of the original or microfilmed records which are housed at the office of Keeper of Records for Marvin S. Kerzner, MD, SUMMIT MEDICAL GROUP, 100 Highland Avenue, Suite 201, Providence, Rhode Island.

The original records were made in the regular course of a regularly conducted business, and it was the regular course of this office to make such records at or near the time of the matter recorded.

This certification is also given pursuant to Rhode Island General Laws § 9-19-30 by the custodian of the records in lieu of personal appearance.

Such copies are separately enclosed and sealed in a separate envelope or wrapper.

_____ pages in the record

Sincerely,

_______________________________
**Keeper of Records**

SUBSCRIBED AND SWORN TO before me this ____ day of ______________, 2006.

_______________________________
NOTARY PUBLIC
My Commission Expires: