MPD:taa 05-231

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

WAYNE NORDIN and
CAROL NORDIN

vs. C.A. No. 05-4565

NRT NEW ENGLAND INCORPORATED
d/b/a COLDWELL BANKER RESIDENTIAL
BROKERAGE

**DEFENDANT, NRT NEW ENGLAND INCORPORATED'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES FROM PLAINTIFFS**

Defendant, NRT New England Incorporated hereby moves for an order compelling the plaintiffs to more responsively answer interrogatories nos. 6, 12, 13, 23 and 24. In support of the motion, the defendant submits the attached Memorandum.

The defendant respectfully requests that the plaintiff be ordered to file more responsive answers to interrogatories within ten (10) days of the decision on the motion.

Mark P. Dolan, Esq. (#3280)
RICE DOLAN & KERSHAW
*Attorneys for Defendant*
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800

**CERTIFICATE OF GOOD FAITH**

Defendant's counsel hereby certifies that they made a good faith effort to resolve the matter as set forth in the instant Motion without the need for Court intervention in compliance with the Good Faith Conferral Requirements of Rule 37 of the Federal Rules of Civil Procedure.

Mark P. Dolan, Esq. (#3280)

**CERTIFICATION**

The undersigned hereby certifies that a true copy of the within Motion has been mailed, postage pre-paid, to **Thomas A. Tarro, III, Esq.**, The Summit East, Suite 330, 300 Centerville Road, Summit East, Suite 330, Warwick, RI 02886, on this 2nd day of February, 2006:

______________________________

MPD:taa 05-231

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| WAYNE NORDIN and<br>CAROL NORDIN<br><br>vs.<br><br>NRT NEW ENGLAND INCORPORATED<br>d/b/a COLDWELL BANKER RESIDENTIAL<br>BROKERAGE | C.A. No. 05-4565 |

**MEMORANDUM IN SUPPORT OF DEFENDANT, NRT NEW ENGLAND INCORPORATED'S MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

Defendant, NRT New England Incorporated, d/b/a Coldwell Banker Residential Brokerage ("Coldwell Banker") has now moved to compel more responsive answers to interrogatories from plaintiff, Wayne Nordin. Each interrogatory at issue with the motion will be addressed in turn.

Interrogatory No. 6: State the name and address of every person other than eyewitnesses whom you know or believe to have any information pertaining to the occurrence of the matters referred to in your complaint, their causes or consequences.

Answer: Doreen Mullaly, Marjorie Jacobs, Jessica Marquis and Kim Walsh were all fellow workers who may have information pertaining to the occurrences alleged in Plaintiff's Complaint. Additionally, please see all of my medical provider's which are identified on Medical Exhibit "A" which is attached hereto.

**ARGUMENT: The plaintiff has failed to provide the addresses for the witnesses identified.**

Interrogatory No. 12: With respect to any accidental injuries, any sickness or any disability suffered by you within 5 years before or since the date of the incident referred to in the pending lawsuit:

a. state the nature, extent and duration of any accidental injuries, any sickness or any disability;
b. state the dates any such accidental injuries, sickness or disability occurred;
c. state the inclusive dates you were unable to perform your usual work and activities because of any accidental injury, any sickness or any disability listed;
d. state the name and address of each physician, surgeon, hospital and/or health care facility rendering treatment, examination and/or care to you for any such injuries, sickness or disability, including the approximate dates of treatment and what the treatment by each physician, surgeon, hospital and/or health care facility listed was for.

Answer: Objection; said interrogatory seeks information which is beyond the permissible scope of discovery, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence at trial. Without waiving said objection, in approximately 1996 or 1997 I was involved in a motor vehicle accident wherein I sustained an injury to my right shoulder. I was treated by Lincoln Fire & Rescue, as well as Dr. Louis Mariorenzi of Orthopedic Associates in Cranston, Rhode Island. I have not sustained any other injuries within the period of five (5) years before or since the incident as alleged in Plaintiff's Complaint.

**ARGUMENT: The interrogatory as posed is unobjectionable. The plaintiff's objection should be stricken, and the plaintiff compelled to answer the interrogatory, and subparts, as posed.**

Interrogatory No. 13: If you or anyone in your behalf has made a claim against any person or corporation for damages and/or for injury by accident within the period of five years before or since the date of the incident referred to in the pending lawsuit, state:

a. the date and place where the damages and/or injuries are alleged to have occurred;
b. the injuries you sustained;
c. the damages you sustained;

d. the name and address of all parties involved in each such incident;
e. the name and address of each person or corporation against whom claim was made or suit was brought;
f. the court in which any suit was brought;
g. the final disposition, including the date, of any such claim or lawsuit;
h. the total amount of any settlement monies paid to you for each claim and/or lawsuit listed;
i. the name and address of the person, corporation and the insurer making any payments referred to in (h) above.

Answer: Objection; said interrogatory seeks information which is beyond the permissible scope of discovery, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, with regard to the motor vehicle accident reference in the Answer to Interrogatory number twelve (12), a claim for personal injuries was made and subsequently settled.

**ARGUMENT: The interrogatory as posed is unobjectionable. The plaintiff's objection should be stricken, and the plaintiff compelled to answer the interrogatory, and subparts, as posed.**

Interrogatory No. 23: State what you claim was the cause of the incident referred to in the pending lawsuit as a result of which you claim to have sustained injuries.

Answer: Objection; said interrogatory seeks to learn Plaintiff's legal claims, contentions and conclusions. Without waiving said objection, the electrical and computer wires hanging below the reception desk caught my right foot and caused me to fall.

**ARGUMENT: The interrogatory as posed is unobjectionable. The plaintiff's objection should be stricken, and the plaintiff compelled to answer the interrogatory as posed.**

Interrogatory No. 24: State what you claim this defendant did or failed to do which you claim caused or contributed to causing the incident complained of.

Answer: Objection; said interrogatory seeks to learn Plaintiff's legal claims, contentions and conclusions. Without waiving said objection, the electrical and computer wires hanging below the reception desk created an unsafe and dangerous condition.

**ARGUMENT: The interrogatory as posed is unobjectionable. The plaintiff's objection should be stricken, and the plaintiff compelled to answer the interrogatory as posed.**

Mark P. Dolan, Esq. (#3280)
RICE DOLAN & KERSHAW
*Attorneys for Defendant*
170 Westminster Street, Suite 900
Providence, RI 02903
(401) 272-8800

## CERTIFICATE OF GOOD FAITH

Defendant's counsel hereby certifies that they made a good faith effort to resolve the matter as set forth in the instant Motion without the need for Court intervention in compliance with the Good Faith Conferral Requirements of Rule 37 of the Federal Rules of Civil Procedure.

Mark P. Dolan, Esq. (#3280)

## CERTIFICATION

The undersigned hereby certifies that a true copy of the within Motion has been mailed, postage pre-paid, to **Thomas A. Tarro, III, Esq.**, The Summit East, Suite 330, 300 Centerville Road, Summit East, Suite 330, Warwick, RI 02886, on this 2nd day of February, 2006: