UNITED STATES DISTRICT COURT
FOR THE DISRTICT OF RHODE ISLAND

WAYNE NORDIN and
CAROL NORDIN :
:
VS. : C.A. No. 05-4565
:
NRT NEW ENGLAND INCORPORATED :
d/b/a COLDWELL BANKER :
RESIDENTIAL BROKERAGE :

## OBJECTION TO MOTION TO COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES

6. State the name and address of every person other than eyewitnesses whom you know or believe to have any information pertaining to the occurrence of the matters referred to in your complaint, their causes or consequences.

**ANSWER:** Doreen Mullaly, Marjorie Jacobs, Jessica Marquis and Kim Walsh were all fellow workers who may have information pertaining to the occurrences alleged in Plaintiff's Complaint. Additionally, please see all of my medical provider's which are identified on Medical Exhibit "A" which is attached hereto.

**DEFENDANT'S ARGUMENT**: The plaintiff has failed to provide the addresses for the witnesses identified.

**PLAINTIFF'S ARGUMENT:** Plaintiff does not know the current addresses of the individuals listed. He will attempt to obtain the information and supplement the answer as necessary.

12. With respect to any accidental injuries, any sickness or any disability suffered by you within 5 years before or since the date of the incident referred to in the pending lawsuit:

a. state the nature, extent and duration of any accidental injuries, any

sickness or any disability;

b. state the dates any such accidental injuries, sickness or disability occurred;

c. state the inclusive dates you were unable to perform your usual work and activities because of any accidental injury, any sickness or any disability listed;

d. state the name and address of each physician, surgeon, hospital and/or health care facility rendering treatment, examination and/or care to you for any such injuries, sickness or disability, including the approximate dates of treatment and what the treatment by each physician, surgeon, hospital and/or health care facility listed was for.

**ANSWER:** Objection; said interrogatory seeks information which is beyond the permissible scope of discovery, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence at trial. Without waiving said objection, in approximately 1996 or 1997 I was involved in a motor vehicle accident wherein I sustained an injury to my right shoulder. I was treated by Lincoln Fire & Rescue, as well as Dr. Louis Mariorenzi of Orthopedic Associates in Cranston, Rhode Island. I have not sustained any other injuries within in the period of five (5) years before or since the incident as alleged in Plaintiff's Complaint.

**DEFENDANT'S ARGUMENT:** The interrogatory as posed is unobjectionable. The Plaintiff's objection should be stricken and the plaintiff compelled to answer the interrogatory, and subparts as posed.

**PLAINTIFF'S ARGUMENT:** Plaintiff reasserts his objection posed to the interrogatory on the grounds that the interrogatory seeks information which is irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence at trial. Plaintiff has indicated in his answer that without waiving his objection, in 1996 or 1997 (the exact date the Plaintiff does not recall) he was involved in a motor vehicle accident wherein he sustained an injury to his

right shoulder. As a result of the accident, he was treated by the Lincoln Fire & Rescue, as well as Dr. Louis Mariorenzi of Orthopedic Associates in Cranston, Rhode Island.

The Plaintiff goes on the respond to the interrogatory stating that he has not sustained any other injuries within the period of 5 years before or since the incident as alleged in the Plaintiff's Complaint.

Your Plaintiff submits that the Objection that has been asserted to the interrogatory is entirely appropriate and further that his response is sufficient. Along these lines, Plaintiff submits that the injury that he sustained in the instant matter was a fracture of his right ankle. As stated in his prior answer, the accident that he suffered in 1996 or 1997 involved an injury to his right shoulder.

Your Plaintiff submits that there is no relation, connection or similarity between the injury suffered in the instant matter and the injury that he suffered in the automobile accident in 1996 or 1997. Moreover, the Plaintiff has indicated in his answer that he has not sustained any other injury within 5 year period before or since the incident as alleged in the Plaintiff's Complaint.

Accordingly, your Plaintiff submits that his objection to the interrogatory should be sustained and his answer should stand.

13. If you or anyone in your behalf has made a claim against any person or corporation for damages and/or for injury by accident within the period of five years before or since the date of the incident referred to in the pending lawsuit, state:

a. the date and place where the damages and/or injuries are alleged to have occurred;

b. the injuries you sustained;

c. the damages you sustained;

d. the name and address of all parties involved in each such incident;

e. the name and address of each person or corporation against whom claim was made or suit was brought;

f. the court in which any suit was brought;

g. the final disposition, including the date, of any such claim or lawsuit;

h. the total amount of any settlement monies paid to you for each claim and/or lawsuit listed;

i. the name and address of the person, corporation and the insurer making any payments referred to in (h) above.

**ANSWER:** Objection; said interrogatory seeks information which is beyond the permissible scope of discovery, irrelevant, immaterial, and not reasonably calculated to lead to the discovery of admissible evidence. Without waiving said objection, with regard to the motor vehicle accident referenced in the Answer to Interrogatory number twelve (12), a claim for personal injuries was made and subsequently settled.

**DEFENDANT'S ARGUMENT:** The interrogatory as posed is unobjectionable. The Plaintiff's objection should be stricken, and the plaintiff compelled to answer the interrogatory, and subparts, as posed.

**PLAINTIFF'S ARGUMENT:** Plaintiff reasserts his objection to the interrogatory on the grounds that it seeks information which is irrelevant, immaterial and not reasonably calculated to lead to the discovery of admissible evidence at trial. Without waiving the objection, Plaintiff will supplement his answer to the interrogatory as follows:

a. The accident occurred on Westwood Road in Lincoln, Rhode Island;

b. Injury to my right shoulder – torn rotator cuff;

c. Medical expenses incurred. I do not recall the exact amount of damages;

d. I do not recall the name of the operator of the other vehicle;

e. See answer to subsection (d). No lawsuit was filed;

f. N/A;

g. The matter was settled. I do not recall the date;

h. I believe approximately $10,000.00;

i. I do not recall.

23. State what you claim was the cause of the incident referred to in the pending lawsuit as a result of which you claim to have sustained injuries.

**ANSWER:** Objection; said interrogatory seeks to learn Plaintiff's legal claims, contentions and conclusions. Without waving said objection, the electrical and computer wires hanging below the reception desk caught my right foot and caused me to fall.

**DEFENDANT'S ARGUMENT:** The interrogatory as posed is unobjectionable. The Plaintiff's objection should be stricken, and the plaintiff compelled to answer the interrogatory, as posed.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates his objection to the interrogatory on the grounds that it seeks to learn the legal contentions and conclusions of Plaintiff's counsel. Without waiving the objection, Plaintiff supplements his answer to the interrogatory by referencing and incorporating herein his answer to Interrogatory No. 4, which describes how the incident occurred on December 4, 2002 when he fractured his right ankle at work.

24. State what you claim this defendant did or failed to do which you claim caused or contributed to causing the incident complained of.

**ANSWER:** Objection; said interrogatory seeks to learn Plaintiff's legal claims, contentions and conclusions. Without waving said objection, the electrical and computer wires hanging below the reception desk created an unsafe and dangerous condition.

**DEFENDANT'S ARGUMENT:** The interrogatory as posed is unobjectionable. The Plaintiff's objection should be stricken, and the plaintiff compelled to answer the interrogatory, as posed.

**PLAINTIFF'S ARGUMENT:** Plaintiff restates his objection to the interrogatory on the grounds that it seeks to learn the legal contentions and conclusions of Plaintiff's counsel. Without waiving the objection, Plaintiff supplements his answer to the interrogatory by referencing and incorporating

herein his answer to Interrogatory No. 4, which describes how the incident occurred on December 4, 2002 when he fractured his right ankle at work.

Plaintiff,
By and through his attorney,

Thomas A. Tarro III

Thomas A. Tarro, III, Esq., #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 - Facsimile

**CERTIFICATION**

I hereby certify that on the 15th day of February, 2006, I have mailed a copy of the within Objection to:

Mark P. Dolan, Esq.
Rice Dolan & Kershaw
120 Westminster Street, Suite 900
Providence, RI 02903