UNITED STATES DISTRICT COURT
FOR THE DISRTICT OF RHODE ISLAND

WAYNE NORDIN and
CAROL NORDIN :
:
VS. : C.A. No. 05-4565
:
NRT NEW ENGLAND INCORPORATED :
d/b/a COLDWELL BANKER :
RESIDENTIAL BROKERAGE :

**PLAINTIFFS' MOTION TO STRIKE OBJECTIONS AND COMPEL RESPONSES TO REQUEST FOR PRODUCTION OF DOCUMENTS**

Now come your Plaintiffs, Wayne Nordin and Carol Nordin, pursuant to Rule 37 of the Federal Rules of Civil Procedure and moves for an Order of this Honorable Court to strike objections that have been raised by the Defendant and compel the Defendant to provide more responsive responses to Request for Production propounded upon it by the Plaintiff in this matter as follows:

1. True and exact copies of any and all documents which pertain to Plaintiff's fall and alleged injuries including but not limited to incident reports.

**RESPONSE:** Objection. Seeks documentation protected by the attorney work product privilege.

**ARGUMENT:** Plaintiff seeks an Order of the Court striking the objection and compelling the Defendant to produce documents responsive to the Request. Along these lines, Plaintiffs' counsel is unable to discern from the Defendant's response whether it has documents, which are responsive to the request and not protected by attorney work product privilege. Moreover, pursuant to Rule

26(b)(5) "When a party withholds information otherwise discoverable under these Rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or other things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicable of the privilege or protection." The Defendant has failed to provide any privilege log in compliance with the requirements of the Rule. As such, Plaintiffs seek an Order of the Court striking the objection and compelling the Defendant to provide documents responsive to the Request, or in the alternative, to provide a privilege log identifying documents which Defendant alleges are protected from disclosure by the attorney work product privilege in accordance with the requirements of Rule 26.

4. True and exact copies of any and all documents which relate to any changes made to the area where the Plaintiff was injured, made subsequent to the incident as alleged in the Complaint.

**RESPONSE:** Objection. Overly broad and irrelevant. Without waiving said objection, none with respect to bundling the wires.

**ARGUMENT:** The Defendant has objected to the request seeking any documents which relate to any changes made to the area where the Plaintiff fell and was injured, made subsequent to the incident as alleged in Plaintiffs' Complaint. The Defendant has objected to the Request on the grounds of relevance and overbreath and produced no documents responsive to the Request. Your Plaintiffs

submit that the documents sought are relevant to the instant litigation.

Pursuant to Rule 407 of the Federal Rules of Evidence, subsequent remedial measures, although not admissible to prove negligence or culpable conduct, may be admitted for other purposes including to show feasibility of the remedial measure and/or for the purposes of impeachment. Accordingly, Plaintiffs seek an Order of the Court striking the Objection and compelling the Defendant to provide a response to the Request.

6. True and exact copies of any and all documents which support the Second Defense contained in Defendant's Answer to Plaintiff's Complaint, to wit: the Plaintiff was contributorily negligent in the incident alleged.

**RESPONSE:** Objection. Seeks documentation protected by the attorney work product privilege.

**ARGUMENT:** Plaintiff seeks an Order of the Court striking the objection and compelling the Defendant to produce documents responsive to the Request. Along these lines, Plaintiffs' counsel is unable to discern from the Defendant's response whether it has documents, which are responsive to the request and not protected by attorney work product privilege. Moreover, pursuant to Rule 26(b)(5) "When a party withholds information otherwise discoverable under these Rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or other things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other

parties to assess the applicable of the privilege or protection." The Defendant has failed to provide any privilege log in compliance with the requirements of the Rule. As such, Plaintiffs seek an Order of the Court striking the objection and compelling the Defendant to provide documents responsive to the Request, or in the alternative, to provide a privilege log identifying documents which Defendant alleges are protected from disclosure by the attorney work product privilege in accordance with the requirements of Rule 26.

7. True and exact copies of any and all documents which support the Third Defense contained in Defendant's Answer to Plaintiff's Complaint, to wit: the Plaintiff assumed the risk of injury under the circumstances alleged.

**RESPONSE:** Objection. Seeks documentation protected by the attorney work product privilege.

**ARGUMENT:** Plaintiff seeks an Order of the Court striking the objection and compelling the Defendant to produce documents responsive to the Request. Along these lines, Plaintiffs' counsel is unable to discern from the Defendant's response whether it has documents, which are responsive to the request and not protected by attorney work product privilege. Moreover, pursuant to Rule 26(b)(5) "When a party withholds information otherwise discoverable under these Rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or other things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other

parties to assess the applicable of the privilege or protection." The Defendant has failed to provide any privilege log in compliance with the requirements of the Rule. As such, Plaintiffs seek an Order of the Court striking the objection and compelling the Defendant to provide documents responsive to the Request, or in the alternative, to provide a privilege log identifying documents which Defendant alleges are protected from disclosure by the attorney work product privilege in accordance with the requirements of Rule 26.

8. True and exact copies of any and all documents which identify the date when the area where Plaintiff was injured was last inspected prior to the date of Plaintiff's fall.

**RESPONSE:** Objection. Seeks documentation protected by the attorney work product privilege.

**ARGUMENT:** Plaintiff seeks an Order of the Court striking the objection and compelling the Defendant to produce documents responsive to the Request. Plaintiff submits that documents identifying date area where Plaintiff fell was last inspected are clearly relevant and subject to discovery, on the issue of notice. Accordingly, such documents should be produced.

As to Defendant's objection to the request based on attorney work product privilege, Plaintiffs' counsel is unable to discern from the Defendant's response whether it has documents, which are responsive to the request and not protected by attorney work product privilege. Moreover, pursuant to Rule 26(b)(5) "When a party withholds information otherwise discoverable under these Rules by claiming that it is

privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or other things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicable of the privilege or protection." The Defendant has failed to provide any privilege log in compliance with the requirements of the Rule. As such, Plaintiffs seek an Order of the Court striking the objection and compelling the Defendant to provide documents responsive to the Request, or in the alternative, to provide a privilege log identifying documents which Defendant alleges are protected from disclosure by the attorney work product privilege in accordance with the requirements of Rule 26.

10. True and exact copies of any and all photographs, digital images or videos taken of the Plaintiff.

**RESPONSE:** Objection. Seeks documentation protected by the attorney work product privilege.

**ARGUMENT:** Plaintiff seeks an Order of the Court striking the objection and compelling the Defendant to produce materials responsive to the Request. Along these lines, Plaintiffs' counsel is unable to discern from the Defendant's response whether it has materials, which are responsive to the request and not protected by attorney work product privilege. Moreover, pursuant to Rule 26(b)(5) "When a party withholds information otherwise discoverable under these Rules by claiming that it is privileged or subject to protection as trial preparation

material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or other things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicable of the privilege or protection." The Defendant has failed to provide any privilege log in compliance with the requirements of the Rule. As such, Plaintiffs seek an Order of the Court striking the objection and compelling the Defendant to provide materials responsive to the Request, or in the alternative, provide a privilege log identifying documents which Defendant alleges are protected from disclosure by the attorney work product privilege in accordance with the requirements of Rule 26.

11. True and exact copies of any and all photographs, digital images or videos taken of the area where Plaintiff fell.

**RESPONSE:** Objection. Seeks documentation protected by the attorney work product privilege.

**ARGUMENT:** Plaintiff seeks an Order of the Court striking the objection and compelling the Defendant to produce materials responsive to the Request. Along these lines, the Defendant has responded to Interrogatory No. 16, which asks for photographs, video tape or motion picture or digital images taken of the incident alleged in Plaintiffs' Complaint or the scene of the incident as alleged in Plaintiffs' Complaint. In response to that Interrogatory, the Defendant stated that the Defendant and/or its attorney are in possession of four (4) photographs of the area in question taken by Defendant's insurance representatives on September 20, 20005.

Plaintiffs' counsel is unable to discern from the Defendant's response to the document request whether there are other documents responsive to the request which are not protected by attorney work product, and specifically, aside from the four (4) photographs of the area in question which Defendant identifies in its answer to the interrogatory concerning photographs, videotape, motion picture, digital images taken of the incident alleged in Plaintiffs' Complaint or the scene of the incident. As stated previously, pursuant to Rule 26(b)(5) "when a party withholds information otherwise discoverable under these Rules by claiming that it is privileged or subject to protection as trial preparation material, the party shall make the claim expressly and shall describe the nature of the documents, communications, or other things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the applicability of the privilege or protection."

The Defendant has failed to provide any privilege log in compliance with the requirements of Rule 26. As such, Plaintiff seeks an Order of the Court striking the objection and compelling the Defendant to provide materials responsive to the request, or in the alternative, to affirmatively state that the photographs identified in response to Interrogatory No. 16 are the only materials responsive to the document request.

16. True and exact copies of any and all documents maintained by the Defendant consisting of the Plaintiff's, Wayne Nordin's, personnel, employment or business relationship file including but not limited to the file jacket.

**RESPONSE:** Objection. Seeks documentation protected by the attorney work product privilege. Without waiving said objection, see attached hereto as Exhibit "D":

a. Undated general liability claim notice regarding incident;
b. Letter from Jennifer McNeil, Coldwell Banker's Litigation Department, to Michael Plante dated February 11, 2003;
c. A fax from Jennifer McNeil, Coldwell Banker's Litigation Department to Jean Rusterholz regarding the claim;
d. February 6, 2003 facsimile from GAB Robins acknowledging claim.

**ARGUMENT:** Plaintiff seeks an Order of the Court striking the Objection and compelling the Defendant to provide a full response to the request. Along these lines, the Defendant has asserted that some of the documentation sought is protected by attorney work product privilege. However, no privilege log has been provided in accordance with the requirements of Rule 26(b)(5). Instead, the Defendant has chosen to produce certain documents from the Plaintiff's personnel, employment or business relationship file and provided them in response to the request.

Your Plaintiff submits that the documents requested are clearly within the permissible scope of discovery. Plaintiff is hard pressed to imagine how the documents requested, and specifically, documents maintained by Coldwell Banker consisting of the Plaintiff's personnel, employment and business relationship file constitute memoranda prepared by defense counsel in contemplation of litigation, which sets forth the attorney's theory of the case and his litigation strategy. To the contrary, the documents sought are documents maintained in the regular course of the Defendant Coldwell Banker Residential Brokerage.

In any event, any such documents to which the Defendant claims privileged

should be the subject of a privilege log pursuant to Rule 26. The Defendant has failed to provide any such privilege log. Accordingly, Plaintiff seeks an Order of the Court striking the objection and compelling a response to the document request, or in the alternative, ordering the Defendant to provide a privilege log identifying documents which Defendant alleges are protected from disclosure in accordance with the requirements of Rule 26.

17. True and exact copies of any and all documents pertaining to the Plaintiff obtained from Third parties including but not limited to medical records and records from the State of Rhode Island Department of Disability Insurance.

**RESPONSE:** Objection. Seeks documentation protected by the attorney work product privilege.

**ARGUMENT:** Plaintiffs seek an Order of the Court striking the objection and compelling the Defendant to provide a response to the Request. The Defendant bases its objection to the request on the grounds that the request seeks documentation protected by the attorney work product privilege. Again, Plaintiff is hard pressed to imagine how documents pertaining to the Plaintiff obtained from third parties, including, but not limited to medical records and records from the State of Rhode Island Department of Disability Insurance, would constitute attorney work product. To the contrary, Plaintiff submits that any privilege would apply to the Plaintiff with respect to medical records obtained by the Defendant from third parties and records from the State of Rhode Island Department of Disability Insurance obtained from third parties. These types of records are clearly confidential, in nature, and are

protected from disclosure pursuant to he Confidentiality of Health Care Communications and Information Act, §5-37.3, et seq. If the Defendant has obtained records which contain confidential medical information concerning the Plaintiff from some third party, without the Plaintiff's apparent authorization, the Plaintiff is entitled to copies of those records that have been produced.

Accordingly, Plaintiff seeks an Order of the Court striking the objection and compelling the Defendant to provide the materials responsive to the request, or in the alternative, to provide an appropriate privilege log identifying documents which Defendant alleges are protected from disclosure in accordance with the requirements of Rule 26.

18. True and exact copies of any and all reports in draft and final form prepared by experts retained by the Defendant to testify in this matter.

**RESPONSE:** Objection. Seeks documentation protected by the attorney work product privilege.

**ARGUMENT:** Plaintiffs seek an Order of the Court striking the Objection and compelling the Defendant to provide a response to the Request. Along these lines, pursuant to this Court's Pre-Trial Order, dated December 13, 2005, the Defendant was to make its expert disclosure pursuant to Rule 26(a)(2) to Plaintiff's counsel on or by March 15, 2006. Along these lines, Rule 26(a)(2)(B) provides, in pertinent part, as follows:

> **Disclosure of expert testimony. ***** (B) except as otherwise stipulated or directed by the court, this disclosure shall, with respect to witnesses retained or specially employed to provide expert testimony in the case or whose duties as an employee of the party regularly involved giving

> expert testimony, be accompanied by a written report prepared and signed by the witness. The report shall contain a complete statement of all opinions to be expressed and the basis and reasons therefore; the data or other information considered by the witness in forming the opinions; any exhibits to be used as a summary of or support for the opinion; the qualifications of the witness, including a list of all publications authored by the witness within the proceeding 10 years; the compensation to be paid for the study and testimony; and a listing of any other cases in which the witness has testified as an expert at trial or by deposition within the proceeding four years ***

The Defendant's objection to the document request on the grounds that it seeks information protected by the attorney work privilege is without merit as to final reports of any experts retained by the Defendant to testify in this matter. Accordingly, Plaintiff seeks an Order of the Court compelling the Defendant to produce any such expert reports in compliance with the requirements of Rule 26 and this Court's Pre-Trial Order.

WHEREFORE, Plaintiffs seek an Order granting the request in the within Motion. Plaintiffs seek a 20 Day Order for compliance

## GOOD FAITH CERTIFICATION

Plaintiffs' counsel hereby certifies that she had made a good faith effort to resolve the matter as set forth in the instant Motion without the need for Court intervention in compliance with the Good Faith Conferral Requirements of Rule 37 of the Federal Rules of Civil Procedure. The parties have agreed to entry of a Consent Order as to the Motion, with the exception of Request Nos. 1, 6, 7, 11, and 18, which require hearing.

Kris Macaruso Marotti

Plaintiff,
By and through their attorney,

Thomas A. Tarro, III, Esq., #2046
THE LAW FIRM OF THOMAS A. TARRO, III
The Summit East - Suite 330
300 Centerville Road
Warwick, RI 02886
(401) 737-7200
(401) 732-3362 - Facsimile

**CERTIFICATION**

I hereby certify that on the 30th day of March, 2006, I have mailed a copy of the within Motion to Strike Objections and Compel Responses to:

Mark P. Dolan, Esq.
Rice Dolan & Kershaw
120 Westminster Street, Suite 900
Providence, RI 02903