*MPD:taa05-231*

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | | |
|---|---|---|
| WAYNE NORDIN and<br>CAROL NORDIN | : | |
| VS. | : | C.A. NO. 05-456S |
| NRT NEW ENGLAND INCORPORATED<br>d/b/a COLDWELL BANKER<br>RESIDENTIAL BROKERAGE | : | |

**DEFENDANT'S OBJECTIONS AND MEMORANDUM TO PLAINTIFFS' MOTION TO STRIKE OBJECTIONS AND COMPEL MORE RESPONSIVE ANSWERS TO INTERROGATORIES**

7. Please identify by name, address and telephone number each and every agent, employee or servant of the defendant including but not limited to facilities manager who was responsible for and supervised the installation of computers at work stations where Plaintiff fell.

Answer: Objection. Overly broad and irrelevant. Without waiving said objection, upon information and belief Brian Berry of Coldwell Banker's Facility Department was responsible for computer installation and hook-up.

Argument: Plaintiff seeks an Order of the Court striking the objection which the Defendant has posed to the interrogatory on the grounds that it is over-breath and relevance. Your Plaintiff submits that the interrogatory seeks information which is clearly relevant to the instant litigation. More specifically, the interrogatory seeks the identity of each and every agent, employee or servant of the Defendant who is responsible for and supervised the installation of the computers at the work station where the Plaintiff fell. By way of background, the Plaintiff fell as a result of his foot becoming caught in electrical and computer wires handing below a work station at the reception desk. Accordingly, the request seeking the identity of the individual who was responsible for and supervised the installation of the computers at that work station constitutes factual information, which is clearly relevant. Moreover, the interrogatory is not, in its present form, is not overly broad. For the foregoing reasons, the Plaintiff requests that the Court strike the Defendant's objection to the interrogatory.

**Defendant's Argument and Memorandum:**

Defendant's objection is proper. The plaintiff's interrogatories seeks the identity of every person who set up or supervised the installation of any computer workstation at the location where the plaintiff fell. As such, the interrogatory is not narrowly tailored to identify those persons involved with the specific workstation where the plaintiff fell. Furthermore, the defendant has provided the identification of the individual.

8. Please identify by name, address and telephone number each and every agent, employee or servant of the defendant including but not limited to facilities manager who inspected the work stations after construction and after the installation of computers at each work station. Please include in your answer the date on which said inspection was made and the manner in which the inspection was documented.

Answer: Brian Berry and Mike Plante would have inspected the stations after they were installed. No documentation was recorded, and nothing out of the ordinary was noted.

Argument: Plaintiff seeks a more responsive answer to the interrogatory, including the date on which the work station was inspected after it was installed. Defendant's present response does not provide any date as to when Brian Berry and Mike Plante made their inspection.

**Defendant's Argument and Memorandum:**

The defendant has answered the interrogatory. To the extent that the plaintiff seeks further information, the plaintiff is free to take the depositions of the persons identified in the interrogatory.

9. Did the Defendant have an occupancy permit at the location where Plaintiff fell on the date of the fall. If not please explain why.

Answer: Unknown. It was defendant's belief that there was an occupancy permit at the time of the plaintiffs fall. However, the only permit that has been found was after the plaintiffs fall.

Argument: Plaintiff seeks a more responsive answer to the interrogatory. The Defendant's present answer does not provide a response as to whether the Defendant had an occupancy permit at the location where the Plaintiff fell on the date of the fall. This information should be easily attainable by the Defendant. The Defendant's present response is insufficient. Either the Defendant had an occupancy permit or it did not. Accordingly, the Defendant should be made to provide a more responsive answer to the interrogatory as to this factual inquiry.

**Defendant's Argument and Memorandum:**

The defendant has answered the interrogatory. The defendant cannot be compelled to provide information that it does not possess.

10. Did you or any agent, servant, or employee of the Defendant make any examination or inspection of the place or area where the Plaintiff fell and was injured, at any time within a period of six (6) months sate and time of Plaintiff's fall?

If so, please state the following:

a. The date and time of day of such examination or inspection;
b. The identification, including the name and address of the person or persons making such examination or inspection;
c. State in complete detail what such examination or inspection consisted of;
d. State in complete detail what such examination or inspection revealed showed;
e. State in what manner the inspection was documented;
f. State in complete detail each and every act or activity done or undertaken by you or any agent, servant, or employee of the Defendant as the result of any condition or circumstance disclosed by such examination or inspection.

Answer: Objection. Overly broad as to time frame, irrelevant and seeks information protected by the attorney work product privilege. Without waiving said objection, the location in question was opened on or around October 23, 2002. Brian Berry of the Facility Department was responsible for the computer hook-up. There would have been general inspections of the area by Mike Plante, the location manager. No defects were noted.

Argument: Plaintiff seeks an Order of the Court striking the objections posed by the Defendant to the interrogatory and requiring a more responsive answer. Along these lines, the Defendant has objected to the interrogatory on the grounds that it is overly broad as to timeframe, irrelevant and seeks information protected by the attorney work product privilege. As indicated previously herein, this matter involves an injury sustained by the Plaintiff when his foot caught in electrical and computer wires at a work station on Defendant's premises. Clearly, any inspection of the area where the Plaintiff fell and was injured within a six (6) month period prior to the date and time of the Plaintiff s fall is relevant to the issue of notice and within the permissible scope of discovery. As to the objection that the interrogatory is overly broad, the fact the facility didn't open until October 23, 2005 about six (6) weeks before the incident - renders the objection moot. Accordingly, the Defendant's objections based on over breath and relevance should clearly be stricken. As to the Defendant's objection based on attorney work product privilege, Rule 26(b)(5) provides, in pertinent part: "When a party withholds information otherwise discoverable under these Rules by claiming that it is privileged or subject to protection as trial preparation material, the parties shall make the claim expressly and shall describe the nature of the documents, communications, or other things not produced or disclosed in a manner that, without revealing information itself privileged or protected, will enable other parties to access the applicability of the privilege or protection." The Defendant herein has failed to provide any privilege log in compliance with the requirements of Rule 26. As such, Plaintiff seeks an Order of the Court striking the objection, or in the alternative, to provide a privilege log identifying information in compliance with the requirements of Rule 26.

Your Plaintiff submits that the Defendant's present response does not provide any specific information in response to subpart (a) of the interrogatory, which seeks the date and time of any inspections conducted of the work area where the Plaintiff fell and was injured within a six (6) month period before the incident. Moreover, the Defendant's answer does not respond to subparts (c), (e), and (f). Accordingly, Plaintiff seeks an Order of the Court compelling the Defendant to provide more responsive answers to said subsections.

**Defendant's Argument and Memorandum:**

The defendants objection is proper. The plaintiff seeks to compel the defendant to describe the findings of any inspection of the alleged workstation within six months of the plaintiff's fall. The plaintiff has not narrowed his interrogatory to focus on inspections regarding any defects consistent as those alleged in the plaintiff's Complaint. Furthermore, the defendant has identified the persons responsible for the computer hookup. The plaintiff is free to take their depositions.

11. Did you or any agent, servant, or employee of the Defendant make any examination or inspection of the place or area where the Plaintiff fell and was injured, at any time subsequent to he fall?

If so, please state the following:

a. The date and time of day of such examination or inspection;
b. The identification, including the name and address of the person or persons making such examination or inspection;
c. State in complete detail what such examination or inspection revealed showed;
d. State in what manner the inspection was documented;
e. State in complete detail each and every act or activity done or undertaken by your or any agent, servant, or employee of the Defendant as the result of any condition or circumstance disclosed by such examination or inspection.

Answer: Objection. Seeks information protected by the attorney work product privilege. Without waiving said objection, Mike Plante, was the location manager at the time of the incident and inspected the computer station. The inspection was not documented and included a visual inspection of the area. After the incident, Mr. Plante bundled some of the wires that were claimed to be involved in the incident.

Argument: Plaintiff seeks an Order of the Court striking the objection and compelling the Defendant to provide a complete answer to the interrogatory. The Defendant has objected to the interrogatory on the grounds that it seeks information protected by the attorney work product privilege. However, the Defendant has failed to provide a privilege log in compliance with the requirements of Rule 26(b)(5) of the Federal Rules of Civil Procedure. Accordingly, Plaintiff seeks an Order of the Court striking the objection, or in the alternative, ordering the Defendant to provide a privilege log identifying information which Defendant alleges is protected from disclosure by the attorney work client privilege in accordance with the requirements of Rule 26.

Plaintiff further seeks an Order of the Court compelling the Defendant to provide a more responsive answer to the interrogatory. Along these lines, the Defendant's answer is not responsive to subparts (a), (b), (c), and (d). Specifically, the Defendant has failed to provide the date and time of day of the examination or inspection by Mike Plante subsequent to the Plaintiff s fall. Defendant fails to provide a present address for Mr. Plante. Moreover, the Defendant fails

to state in complete detail what the examination or inspection by Mr. Plante consisted of and what, if anything, it revealed. Plaintiff seeks an Order of the Court compelling the Defendant to provide a fall response to subsections (a), (b), (c) and (d) of the interrogatory as set forth above.

**Defendant's Argument and Memorandum:**

The defendant's objection is proper. The plaintiff's interrogatory is not limited in scope or as to time frame. Furthermore, the defendant has answered the interrogatory. To the extent that the plaintiff seeks further information, he is free to take depositions.

14. If you claim that any other person, firm, or corporation was responsible for the incident as alleged in Plaintiff's complaint, please state all facts upon which such claim is based, giving the names and addresses of such persons, firm, or corporations.

Answer: None other than the plaintiff.

Argument: Plaintiff seeks an Order of the Court compelling the Defendant to provide a complete answer to the interrogatory, including all facts upon which the Defendant alleges that the Plaintiff was responsible for the incident, as alleged in Plaintiff s Complaint. The Defendant's answer to the interrogatory indicates that no one other than the Plaintiff is responsible for his injuries. However, the Defendant does not provide a full answer to the Complaint setting forth all facts upon which it makes said claim. Accordingly, Plaintiff seeks an Order of the Court compelling the Defendant to provide a full and complete answer to the interrogatory, including all said facts.

**Defendant's Argument and Memorandum:**

The defendant's answer is sufficient. The interrogatory does not seek those facts upon which the defendant contends that the plaintiff contributed to his own injuries. The interrogatory merely seeks facts that would suggest non-parties are or could be responsible for the plaintiff's injuries.

15. Please identify experts that the Defendant has consulted with or expects to call as an expert witness at the trial and as to each and every such expert please state:

a. The person's identity, giving name, profession, or occupation and address;
b. The subject matter or area on which each such expert has been consulted or is to testify;
c. The substance of the facts and opinions to which each such expert is to testify;
d. Whether such expert's opinion has been reduced to writing and if so the name and address of the person who has possession of said written document.

Answer: This defendant has not retained an expert to testify at the time of trial. Should this defendant retain an expert to testify at the time of trial, this answer will be supplemented in accordance with the Rules of Civil Procedure.

Argument: Plaintiff seeks an Order of the Court compelling the Defendant to provide a full and complete response to the expert interrogatory. Along these lines, pursuant to the Court's Pre-Trial Order, dated December 13, 2005, the Defendant was to make its expert disclosure pursuant to Rule 26(a)(2) to Plaintiff's counsel on or by March 15, 2006. Along these lines, Rule 26(a)(2)(B) provides that the expert disclosure shall include a complete statement of all opinions to be expressed and the basis and reasons therefore, along with other information, to be included in the expert's report. The Defendant has failed to comply with the Court's Pre-Trial Order, including disclosure of expert reports in compliance with the requirements of Rule 26(a)(2)(B). Accordingly, Plaintiff seeks an order of the Court compelling the Defendant to provide an Answer to the expert interrogatory at this time.

**Defendant's Argument and Memorandum:**

The defendant has answered the interrogatory. At this time, there is no need to supplement the defendant's answer.

19. Have any changes, alterations, or repairs been made to the area where Plaintiff and fell and was injured; if so, please state:

a. Specifically describe any changes, alteration or repairs.
b. The date any such change, alteration or repair took place.
c. The name and address of any person, firm or other entity making any such change, alteration or repair.

Answer: Objection. Overly broad and irrelevant. Without waiving said objection, with respect to the computer wires they were bundled on the day of the incident by Michael Plante.

Argument: Plaintiff seeks an Order of the Court striking the objection, which has been posed by the Defendant to the interrogatory. Defendant has objected to the interrogatory on the grounds that it is overly broad and irrelevant. Your Plaintiff submits that the information sought is clearly relevant and within the permissible scope of discovery. Along these lines, pursuant to Rule 407 of the Federal Rules of Evidence, subsequent remedial measures, although not admissible to prove negligence or culpable conduct may be admitted for other purposes including to show feasibility of remedial measures and/or for the purposes of impeachment. Accordingly, Plaintiff seeks an Order of the Court striking the objection that the Defendant has posed to the interrogatory.

**Defendant's Argument and Memorandum:**

The defendant's objection is proper. The plaintiff does not limit his interrogatory to seek inscriptions of any changes that may be relevant to the plaintiffs' claims. The plaintiffs merely

seek description of any and all changes at any time. This interrogatory is clearly overly broad in scope and in regard to time frame. Again, the defendant has answered the interrogatory.

21. Please state any and all facts which support this Defendant's allegation as set forth in Second Defense of Defendant's Answer to Plaintiff's Complaint to wit, the Plaintiff was contributorily negligent in the incident as alleged.

Answer: To the extent that the plaintiff claims that the configuration of the wires was negligent, the plaintiff was well aware of the configuration of the wires and thus, was contributory/comparatively negligent.

Argument: Plaintiff seeks an order of the Court compelling the Defendant to provide a full and complete answer to the interrogatory, including any and all facts which support the Defendant's allegation as set forth in the affirmative defense. In this regard, the Defendant has responded to the interrogatory that the Plaintiff was "well aware" of the configuration of wires. Plaintiff seeks an Order of the Court compelling the Defendant to provide all facts which support the Defendant's allegation as set forth in its answer to the interrogatory.

**Defendant's Argument and Memorandum:**

The defendant has answered the interrogatory. Furthermore, discovery is ongoing at this time. To the extent that the defendant becomes aware of further facts, the defendant will supplement the interrogatory.

22. Please set forth any and all facts which support this Defendant's allegation as set forth in its Third Defense contained in Defendant's Answer to Plaintiff's Complaint to wit, the Plaintiff assumed the risk of injury under the circumstances.

Answer: To the extent that the plaintiff claims that the configuration of the wires was negligent, the plaintiff was well aware of the configuration of the wires and thus, was contributory/comparatively negligent.

Argument: Plaintiff seeks an order of the Court compelling the Defendant to provide a full and complete answer to the interrogatory, including any and all facts which support the Defendant's allegation as set forth in the affirmative defense. In this regard, the Defendant has responded to the interrogatory that the Plaintiff was "well aware" of the configuration of wires. Plaintiff seeks an Order of the Court compelling the Defendant to provide all facts which support the Defendant's allegation as set forth in its answer to the interrogatory.

**Defendant's Argument and Memorandum:**

The defendant has answered the interrogatory. Furthermore, discovery is ongoing at this time. To the extent that the defendant becomes aware of further facts, the defendant will supplement the interrogatory.

Mark P. Dolan, Esq. (#3280)
RICE DOLAN & KERSHAW
*Attorneys for Defendant, NRT New England Incorporated d/b/a Coldwell Banker Residential Brokerage*
Suite 900, 170 Westminster Street
Providence, RI 02903
(401) 272-8800

**CERTIFICATION**

I hereby certify that a copy of the within document has been mailed, postage pre-paid, to **Thomas A. Tarro, III, Esq.**, 300 Centerville Road, Summit East, Suite 330, Warwick, RI 02886, on this 11th day of April, 2006.